OPINION OF THE COURT
Virginia Knaplund, J.
This is a small claims action in which liability was decided on July 10, 1990, upon motion for summary judgment. Trial on the issue of damages took place on September 11, 1990.
When defendant arrived for trial she told the court that she had learned only four days before of the trial date and of the fact that she had previously been found liable for the damage *290 to the plaintiffs car. She advised the court that her attorney had neither told her of her liability nor given her a copy of the decision made two months previously. Whenever she had asked him about the case, he had said "Don’t worry; I’m handling it.”
Defendant then stated that her attorney had advised her four days before, on Friday, September 7, 1990, that he "would not be attending” the trial. He wished her good luck and asked her to sign a note confirming his nonappearance. He retained the note without giving her a copy. She was certain that she never relieved him.
The court finds defendant liable for damages in the amount of $1,952.05. Judgment for plaintiff for $1,952.05, plus interest at 9% from January 31, 1990 ($51.02), plus costs of $50 (UJCA 1901, 1904) and disbursements of $7.50 (UJCA 1908 [d]) for a total of $2,060.57.
Plaintiffs counsel has moved for sanctions against defendant’s attorney pursuant to CPLR 8303-a, based on defendant’s alleged frivolous conduct.
The court takes very seriously the conduct of defendant’s attorney in this case. First and foremost is counsel’s behavior in abandoning the client without notice just four days before trial. Based on the multiple papers filed by counsel, there was an attorney-client relationship, which can be terminated only by consent of the client, or order of the court for reasonable cause, obtained on motion with notice to his client. Counsel took none of these mandatory steps and further jeopardized his client’s interest by not advising her that she had lost the motion for summary judgment. Had defendant known, she might well have been able to mitigate her damages by entering into a settlement with plaintiff.
Aside from counsel’s conduct in abandoning his client improperly, the court finds that counsel for defendant put forward a frivolous defense in his actions in this case. Defendant first served a general denial and counterclaim which he later abandoned; never advised his adversary or the court that he was not going to appear to defend the defendant’s case, and frustrated the orderly procedure of the case by failing and refusing to respond to plaintiffs legitimate claims for discovery.
The court finds counsel’s actions frivolous within the meaning of CPLR 8303-a (a), and awards plaintiff costs of $50 pursuant to CPLR 8202 and attorney’s fees of $500, to be *291 assessed against defendant’s counsel (CPLR 8303-a [b]). The court arrived at the amount of $500 by hearing the actions and work necessitated by counsel’s actions.
Since the liability in this case was determined on motion for summary judgment, there was no jury trial. Consequently, the clerk is directed to return to defendant’s counsel his $50 undertaking.